ZIMMERMAN et v. SECOND NAT. BANK

Ohio Appeals, 6th Dist., Sandusky Co.

No. 164. Decided April 28, 1926

225. CHARGE TO JURY—Although giving of requests is made mandatory, it is not prejudicial error to refuse such requests when the principles are substantially stated in a substitute request.

147. BILLS AND NOTES—Where makers of note pay same voluntarily and later claim fraud existed in the transaction, such voluntary payment to a bank which subsequently purchased the note constitutes it a mere channel through which part of the consideration for the purchaser passed from buyer to seller.

WILLIAMS, J.

The Second National Bank of Bucyrus brought an action in the Sandusky Common Pleas against Harry Zimmerman and Paul Schaaf to recover on a promissory note for $10,000. A judgment for the bank in the full amount prayed for was rendered.

Events leading up to this suit are as follows: Anton and Helen Boerder of Toledo entered into a contract with C. F. Michael and others of Bucyrus involving certain property rights in the Tungston Steel Co. for certain formulae for the manufacture of steel. Zimmerman entered into a contract with Michael consented to by Boerder whereby Zimmerman acquired all the rights of said Michael and others in the Steel Co.

Zimmerman executed and delivered five promissory notes of $10,000 each payable to order of Michael in consideration for the formulae and property obtained. Two of the notes were acquired by the bank, one of which was paid before it was due and the other which is involved in this controversy.

Zimmerman and Schaaf claimed that the note was obtained by fraudulent representations made by Boerder and that the Bank was not a bona fide holder for the reason that A. C. Stoltz, its president, had knowledge at the time the note was purchased, that it had been obtained by fraud.

Error was prosecuted and it was claimed that the court erred in refusing to give certain requests of Zimmerman before argument. The requests charged that knowledge by Stoltz was knowledge by the bank; if Stoltz acquired such notice in the ordinary course of business of the bank. The Court of Appeals held:

1. The principles Zimmerman sought to incorporate in the requests refused were substantially covered by the statement of the law which the trial court gave as a substitute therefor.

2. The court in the substitute charged the jury that if Stoltz in any other manner received or had knowledge of the alleged fraudulent representations prior to the purchase of the note, such knowledge would be the knowledge of the Bank. This instruction fully stated the law as to knowledge and notice.

3. Section 11447 GC. does not forbid giving special instructions at the conclusion of the evidence and before argument; and if such instructions are correct statements of the law, it is not erroneous.

4. Where a general verdict is found for de-fendant, it not being disclosed by answers to interrogatories upon which issue the verdict was based, and no error exists in submission of at least one of the issues, a finding which would justify a general judgment in favor of the prevailing party which is rendered, any error in submission of other issues will be disregarded. 94 OS. 171.

5. The rule is applicable to uphold a verdict in favor of the plaintiff in a proper case.

6. The claim of error in the failure of the court to submit the issue of Zimmerman's cross petition for the one $10,000 note paid by him is not tenable.

7. There was not prejudicial error in this action of the court, for when Zimmerman and Schaaf, as makers of the first note, paid it without question, they were relegated to their action for the amount paid Michael as a consideration for the property purchased after recission upon the theory that while the bank took the note subject to defenses, the voluntary payment merely constituted it a conduit through which part of the consideration passed from buyer to seller.

Judgment therefore affirmed.

**Attorneys**—Ritter & Schminck, Toledo; Frank O'Farrell and Culbert & Culbert, Fremont for Zimmerman et; Charles Gallenger, Bucyrus for Bank.