*168
 
 By the Court.
 

 The testimony offered at the trial was sharply conflicting upon material points. This being the state of the record, the following request to charge was made of the court by defendant, and refused:
 

 “If you find from a preponderance of the evidence that plaintiff from the inspection he made of the lot before he signed the contract of purchase knew that it was only about 140 feet deep from the street line, then plaintiff is not entitled to a verdict in his favor.”
 

 This charge should have been given. If the plaintiff did know that the fence was 140 feet from the street line, then he was not entitled to recover, for in such case he knew that the lot was only 140 feet deep instead of 173 feet deep, in which event he did not rely upon the alleged misrepresentations of Miss Herman. “If one purchase property on his own knowledge, he cannot recover for fraudulent representation of it, because he has not been deceived by it.”
 
 Wilkinson
 
 v. Root, Wright, 686; 20 Cyc., 34.
 

 We think that the refusing of this charge was prejudicial under the evidence offered in the case, and constituted reversible error.
 

 Moreover, during the course of the argument, the attorney for the plaintiff made the following statement:
 

 “We don’t claim anything, except that Miss Herman knew that she had 173 feet from the center of the street, and that she had 140 feet to sell, only, and when she signed this contract and put in the 173 feet, adding in ‘the above property unrestricted’ — whatever that little lady knew
 
 *169
 
 about tbe meaning of the word restricted, or incumbered, and 10 years in the public schools to teach her the ordinary meaning of the language — but when she went to her banter, and that great institution first declined to put in the 173 feet, and then, at the request and insistence of my client said ‘the property is unrestricted.’ Olga Herman., through her agent, the Cleveland Trust Company, who sits here now, and ought to be at the foot of a lawsuit, and when you render a verdict here to correct the injury which has been done, Miss Herman, there are the people who are to answer to you. They will answer to you. We can’t sue them both in this action. We tried to do it, and let them fight it out, but they demurred. The Cleveland Trust Company have gotten out of it, and all we can do is to sue the person to whom — with whom we had the contract, and then she can go back to the Cleveland Trust 'Company and recoup her damages, if they have cheated her #
 
 *
 

 After argument and before the court charged the jury, counsel for defendant requested the following charge:
 

 “You should pay no attention, in your consideration of this case, to any suggestion made by counsel for plaintiff that the defendant might have a claim against the Cleveland Trust Company. Such suggestion was improper.”
 

 This request should have been given. The charge asked upon this point was not covered in the general charge. When the attorney for the plaintiff told the jury that Miss Herman could go back to the Cleveland Trust (Company and recoup her damages, he in effect told the jury that, if it ren
 
 *170
 
 dered a verdict against Miss Herman, the Cleveland Trust Company would pay it. In that respect the statement was similar to statements made by counsel in the course of argument that defendants in personal injury suits carry insurance which indemnifies them against loss. This sort of statement is ordinarily held to be a ground for reversal.
 
 Emery Dry Goods Co.
 
 v.
 
 De Hart,
 
 130 Ill. App., 244;
 
 Hollis
 
 v.
 
 U. S. Glass Co.,
 
 220 Pa.., 49, 69 A., 55.
 

 In this statement the attorney for the plaintiff went outside the record and brought before the jury something not in evidence and highly prejudicial. Comments upon matters not in evidence, which are prejudical, made by attorneys during the course of argument, should be disapproved by the court at the time.
 
 Burns
 
 v.
 
 State,
 
 75 Ohio St., 407, 79 N. E., 929.
 

 It is reversible error for a court to refuse to instruct a jury to disregard prejudicial statements made during arguments upon matters not in issue in the case.
 
 Miller
 
 v.
 
 State,
 
 73 Ohio St., 195, 76 N. E., 823. This rule obtains in civil as well as in criminal cases. 38 Cyc., 1479 and 1494, and cases cited.
 

 The instruction to disregard the statement should have been given. The judgment will be reversed, and the cause remanded for new trial.
 

 Judgment Reversed, and cause remanded.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.