By the Court.
 

 This case originated as a civil
 

 action for damages for assault and battery in the court of common pleas of Cuyahoga county against Joseph Armuleuis, Paul Armuleuis and Frank Yuodvich. The plaintiff claimed that upon the day specified in the petition he was a guest at the home of Joseph Armuleuis, together with the other defendants, and that a heated argument arose during which the three defendants, without cause, assaulted and beat the plaintiff, for which injury he claimed damages. The plaintiff particularly charged that Joseph Armuleuis picked up an electric flat iron and struck him therewith upon his head.
 

 The answer of each of the three defendants consisted in the first place of a general denial, and, in the second place, of a plea of
 
 molliter manus imposuit.
 
 The defense of Joseph Armuleuis, in substance was, in addition to the denial of the assault, that the plaintiff, Koblitz, came to the home of Joseph Armuleuis with one Mike Doro
 
 *74
 
 phea, both being at the time under the influence of intoxicating liquor; that a short time after their entrance to Joseph Armuleuis’ home the plaintiff and Mike Dorophea entered into a heated dispute of such a character that Armuleuis, believing and having good reason to believe, that the said disputants would employ force, the one upon the other, and thereby disturb the public peace, endeavored to and did separate the contending parties and ejected Mike Dorophea from his home; that thereafter the other two defendants came to the home of Joseph Armuleuis, and Dorophea reentered the home and commenced to renew the quarrel; that thereupon Joseph Armuleuis ordered Koblitz and Dorophea from his home, but that Koblitz thereupon violently assaulted Joseph Armuleuis, and Joseph Armuleuis, with the aid and assistance of Paul Armuleuis and Frank Yuodvich ejected Koblitz from his house, using only such force in so doing as was- necessary. We need not give the defenses of Paul Armuleuis and Frank Yuodvich in full, as the jury found for these two defendants at the trial, and they are not participating in this error proceeding.
 

 It was the contention of Joseph Armuleuis that the fracture of the skull received by Koblitz was incurred by Koblitz falling down the stairs in front of the porch of Armuleuis’ house and striking his head upon the brick pavement, and some evidence was adduced tending to justify such an inference.
 

 Upon the trial, judgment was given for the plaintiff against Joseph Armuleuis, but the jury found in favor of the defendants Paul Armuleuis and Frank Yuodvich. The Court of Appeals affirmed
 
 *75
 
 the judgment below, and the case comes into this court upon allowance of motion to certify the record.
 

 The evidence offered on behalf of the plaintiff and that offered on behalf of Joseph Armuleuis was sharply conflicting. There was some testimony tending to support all of the material allegations of Joseph, Armuleuis’ defense. In this state of the record the defendant Joseph Armuleuis made-a written request of- the court to charge the jury before argument upon the subject of
 
 molliter manus imposuit.
 
 The charge was not a model in wording, but, in substance, it was to the effect that if the evidence showed and the jury believed that the plaintiff, Koblitz, came to the home of the defendant Joseph Armuleuis and while there caused a disturbance, and that the defendant Joseph Armuleuis repeatedly requested Koblitz to leave his home, and Koblitz repeatedly refused to go, and continued to conduct himself in the same disturbing manner, the defendant was justified in using such force as was necessary to eject the plaintiff from his house, and the law does not closely, nor nicely, measure the force which the defendant used to effect that purpose. This request to charge was refused. This constituted reversible error.
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 Payne, Director General,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85.
 

 The judgment must therefore be reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.