ZINK, APPELLANT, *v.* CONTRIS, JR., APPELLEE.*

(No. 619—Decided June 20, 1961.)

*Messrs. Day & Berkman,* for appellant.
*Mr. Marcus C. Downing* and *Messrs. Doyle, Lewis & Warner,* for appellee.

GUERNSEY, P. J. This appeal is on questions of law from a judgment of the Common Pleas Court entered in a negligence

---

*Motion to certify the record overruled (37204), December 6, 1961.

action pursuant to a verdict for the defendant, the verdict being general in form and not having been tested by interrogatories.

Although the plaintiff-appellant assigns error in four particulars, under the prerogative bestowed upon us by statute (Section 2505.21, Revised Code) we will disregard those assignments not argued in his brief. The remaining two assignments claim error of the trial court in restricting cross-examination of the "key" defense witness to prevent plaintiff from developing the interest of the witness in pending litigation growing out of the same collision, and error of the trial court in refusing four requested instructions to the jury before argument.

The "key" defense witness referred to was the driver of defendant's truck involved in the collision with a bus driven by plaintiff. The following cross-examination appears in the bill of exceptions pertaining to appellant's claim of error:

"Q. Now Mr. Hayes, you have pending in this courthouse a law suit growing out of the collision with which we are now concerned don't you? A. Yes.

"Q. And in that law suit, you are trying, are you not, to make the action of Mr. Zink driving the Greyhound bus the basis for recovery on your part; isn't that true? A. His negligence. Yes.

"Q. That is what you are trying to do? A. (Witness nodding indicative of yes.) .

"Q. And it is also a fact, is it not, that you are the defendant in another law suit in this courthouse; is that not so? A. I don't know. I can't remember.

"Q. You can't remember whether you were sued or not? A. Oh yes. The other day I got a summons.

"Q. Yes. As a matter of fact, December 8 or thereabouts Lula Mae Skinner started an action in this court? A. Yes.

"Q. And it is a fact that in that law suit, you are charged with cutting out across the road in front of the bus; isn't that so? A. I don't know. Mine just says 'summons.'

"Mr. Downing: I object and ask to have withdrawn.

"Mr. Day (counsel for appellant): He testified he got a summons.

"Mr. Downing: Personally I don't think he even knows anything about the law suit except that he got a summons.

"Court: It is apparent that is all he knows about it, and

furthermore the jury is instructed as to whether or not there may be law suits pending in this court has nothing to do with this particular trial.

"The jury will be further instructed in that respect.

"Mr. Day: With respect to credibility?

"Court: As far as attacking his credibility, of course, you may examine.

"Q. Now sir, you will concede will you not, it is better for you personally if your story about Mr. Zink is believed isn't that right? A. Well it is the truth.

"Q. Now that isn't the question. It is better for you if it is believed? A. Oh undoubtedly. Yes.

"Mr. Downing. He has answered the question I think.

"Q. And you have not seen the petition filed in this case at all; is that right? A. No.

"Q. After you got your summons, you didn't want to know what you were being sued for?

"Mr. Downing: Just a minute if Your Honor please. He is going too far.

"Court: Sustained.

"Q. In any event, the fact is, you did not come down to the courthouse and look at that?

"Mr. Downing: Object.

"Court: Sustained.

"Mr. Downing: I wish you'd direct him to discontinue that practice.

"Court: I assume it will be."

Thereafter, in his general charge the court instructed the jury as follows:

"Statements that were stricken by the court and which you were instructed to disregard are not evidence and must be treated as though you never heard them.

"* * *

"To determine the preponderance of the evidence you must decide what weight shall be given to the evidence. To do this you must determine the credibility of the witnesses. In determining their credibility you may consider * * * their reasonableness and the probability of their story; the opportunity they had to see, hear and know the things concerning which they testified; * * * their intelligence, interest and bias, if any; together

with all the circumstances surrounding their testimony. * * *''

The portion of the partial bill of exceptions above quoted shows that after the trial court's admonition to the jury that the pendency of other law suits had "nothing to do with this particular trial," the trial court specifically permitted appellant to examine as to credibility, that he was permitted to examine further as to the pendency of law suits in which the witness was involved, and that the witness conceded that it was *undoubtedly* better for him if his testimony was believed. The general charge as to statements "stricken by the court" and as to credibility of witnesses was proper. On this state of the record it does not appear that the appellant was unduly limited in his examination as to bias and credibility so as to constitute error, or that the court erroneously instructed the jury with reference thereto.

As to the four requests to charge before argument, refused by the trial court, one pertained to the measure of damages in the event of a determination of liability, one pertained to the standard of care of the plaintiff when confronted by a situation of danger, one pertained to the standard of care which plaintiff was required to exercise for his own safety, and the fourth pertained to contributory negligence with respect to keeping a lookout for danger, and the anticipation of negligence of another.

It is the general rule that in a civil case the refusal to give a properly requested instruction before argument is ground for reversal, if such instruction correctly states the law, is pertinent to the issues and the evidence, and if the same matters have not been covered by other charges given before argument. See 4 Ohio Jurisprudence (2d), 363, Appellate Review, Section 1040, and authorities therein cited. However, as is true with any general rule, there are exceptions to its application.

An important exception to the application of the general rule is that a general verdict, or an answer to an interrogatory, which clearly and conclusively shows that the party requesting an instruction was not prejudiced by its refusal, cures any error which such refusal may have involved. See 4 Ohio Jurisprudence (2d), 394, Appellate Review, Section 1061. This rule has been applied to special requests for instructions before argument as well as requests for instructions made at other times. *Stark Electric Rd. Co.* v. *Brooks, Gdn.*, 94 Ohio St., 324. In this case, the verdict was general for the defendant, *i. e.*, the jury

held the defendant not liable to the plaintiff. The plaintiff could not be prejudiced by the refusal to instruct as to the measure of damages when he was not entitled to any damages.

The remaining instructions, either specifically or by their content, pertain only to the issue of contributory negligence of plaintiff. An examination of the general charge of the court reveals that the case went to the jury on the two issues of defendant's negligence and of plaintiff's contributory negligence. It has long been a rule of law in Ohio, at least since the case of *Sites* v. *Haverstick*, 23 Ohio St., 626, that when a jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party would entitle him to judgment, if the record does not disclose affirmatively by answers to interrogatories or otherwise upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them although there may be error as to other issues. Although the writer has not been able to find any case where the Supreme Court of Ohio has passed upon the application of this rule to a case such as this it has been held by the Courts of Appeals of the Sixth Appellate District and the Seventh Appellate District, in at least two instances, that this rule is applicable to the refusal to give special instructions before argument when the verdict is general for the defendant. See *Hoffman* v. *Pittsburgh & Lake Erie Rd. Co.*, 13 Ohio Laws Abs., 153, and *Zimmerman* v. *Second National Bank of Bucyrus*, 24 Ohio App., 48 (motion to certify overruled, October 30, 1926). In view of the fact that the two-issue rule, as pointed out by Judge Taft in his opinion in the case of *Ricks* v. *Jackson*, 169 Ohio St., 254, at page 257, is based in reason on ''the necessity of affirmatively showing prejudice in order to justify a reversal,'' we are in agreement with the Courts of Appeals of the sixth and seventh appellate districts, that such rule is applicable to the refusal to give special instructions requested to be given before argument. The general verdict herein for the defendant is consistent with a determination of the jury either (1) that the defendant was not negligent, or (2) that the plaintiff was contributorily negligent. There has been no showing of error in the submission of the issue of the defendant's negligence to the jury, and it does not affirmatively appear that the plaintiff was prejudiced by the refusal of the

trial court to give the requested instructions, even assuming such instructions to be proper and such refusal to be erroneous.

Finding no prejudicial reversible error, the judgment of the trial court must be, and is hereby, affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.