SMITH, A MINOR, ET AL., APPELLEES, V. FLESHER ET AL., APPELLANTS.

[Cite as Smith v. Flesher, 12 Ohio St. 2d 107.]

(No. 41122—Decided December 27, 1967.)

*Messrs. Volkema, Redmond & Wolske, Mr. Russell H. Volkema* and *Messrs. Finneran, Finneran & Finneran,* for appellee.

*Messrs. Sebastian, Fais & Durst* and *Mr. Rick E. Marsh,* for appellant.

Taft, C. J. In *Zink* v. *Contris, supra* (116 Ohio App. 95), it was held that an error in refusing to give a special request to charge before argument would not support a reversal unless it affirmatively appeared that the appellant was prejudiced by that error; and that, since the error there involved related only to the issue of contributory negligence and there was "no showing of error in the submission of the issue of defendant's negligence to the jury" and the jury's "general verdict was consistent with a determination of the jury * * * that the defendant was not negligent," there was no affirmative showing that the error had prejudiced appellant.

From the final order of the Court of Appeals and the three opinions of that court in the instant case, it is clear that the Court of Appeals unanimously determined that, even if there was error in refusing plaintiff's special instruction A, that error was not prejudicial.

Therefore, the question certified to us is whether the error of a trial court in refusing to give a correct special request to charge before argument must be prejudicial in order to support a reversal.

The Court of Appeals held that such an error would require a reversal even if it was not prejudicial and refers to this as the *Chesrown* doctrine, an apparent reference to the case of *Chesrown* v. *Bevier, supra* (101 Ohio St. 282).

It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him. As stated in paragraph one of the syllabus of *Ohio Life Ins. and Trust Co.* v. *Goodin* (1860), 10 Ohio St. 557:

"In order to justify the reversal of a judgment or decree upon error, the record must show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it."

See 5 American Jurisprudence 2d 218 and 222, Sections 776 and 780.

As recognized in the opinion of the Court of Appeals in *Zink* v. *Contris, supra* (116 Ohio App. 95), the so-called two-

issue rule necessarily results from this elementary proposition of law.*

Furthermore, Section 2309.59, Revised Code, reads in part: "In every stage of an action, the court must *disregard any error or defect* in the * * * proceedings *which does not affect the substantial rights of the adverse party.* No judgment shall be reversed or affected by reason of such error or defect. * * * *In case* * * * [the] reviewing court determines and certifies that in its opinion *substantial justice* has been *done* to the party complaining as shown by the record, *all alleged errors* occurring at the trial shall * * * be *deemed not prejudicial* to the party complaining *and* shall be *disregarded* * * *."  (Emphasis added.)

This does not mean that a reviewing court may easily avoid a reversal where an error has occurred by merely saying that "substantial justice has been done." In order to perform its

---

*It may be noted that the use of the label, "two-issue rule," has obscured the reason for the rule and resulted in decisions refusing to apply that rule where the reason for its application was present. See, *e. g.*, *Pennsylvania Co.* v. *Miller & Co.* (1880), 35 Ohio St. 541 (where verdict for plaintiff may have been rendered upon either of two causes of action but error as to only one was held sufficient to support reversal) ; *H. E. Culbertson Co.* v. *Warden* (1931), 123 Ohio St. 297, 175 N. E. 205; and *Readnour* v. *Cincinnati Street Ry. Co.* (1950), 154 Ohio St. 69, 93 N. E. 2d 587 (each holding that error in charge relating to one specification of negligence would support reversal of judgment on verdict for plaintiff though verdict could have been based upon finding for plaintiff on another specification supported by evidence and tried without error) ; *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657, 67 N. E. 2d 851 (reversing judgment on verdict for defendant because of error in charge relating to negligence though jury verdict might properly have been based on finding of contributory negligence and there was no error relating to issue of contributory negligence) ; and *Ricks* v. *Jackson, supra* (169 Ohio St. 254), and *Gottesman* v. *Cleveland* (1944), 142 Ohio St. 410, 52 N. E. 2d 644 (each holding that judgment on verdict should be reversed where charge on issue upon which there should have been no charge although verdict could have been based upon issue tried without error).

However, because the three opinions of the Court of Appeals disclose that its members, without any dependence upon the two-issue rule, unanimously concluded that the only error found was not prejudicial and in view of our agreement with that conclusion and our determination as to the judgment which should follow that conclusion, it is unnecessary to consider plaintiff's contention that the two-issue rule should not be applied where there is an error in refusing a special request to charge before argument.

duty and find that "substantial justice has been done," so that errors can be disregarded as not prejudicial, a "reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury * * * would probably have made the same decision." See paragraph three of the syllabus of *Hallworth* v. *Republic Steel Corp.* (1950), 153 Ohio St. 349, 91 N. E. 2d 690.

In the instant case, it is apparent that the Court of Appeals has done this. Apparently, the jury was fully and properly instructed in the general charge on the law dealt with in special instruction A, and some of the law dealt with in that special instruction A had also been fully covered in each of two other special instructions requested by plaintiff and given before argument.

Plaintiff's special instruction A was one of ten requests to charge submitted by plaintiff pursuant to Section 2315.01 (E), Revised Code, which reads:

"When the evidence is concluded, either party may present written instructions to the court on matters of law and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

Four of these charges were given and six were refused. Also, the one special request by defendant was given.

In holding that an error in refusing to give a special request to charge before argument would require a reversal even if that error was not prejudicial, the Court of Appeals relied upon *Chesrown* v. *Bevier, supra* (101 Ohio St. 282), *Washington Fidelity National Ins. Co.* v. *Herbert, supra* (125 Ohio St. 591). and *Bradley* v. *Mansfield Rapid Transit, Inc., supra* (154 Ohio St. 154).

Paragraph two of the syllabus of the *Chesrown case* states that if "a written request to charge before argument * * * correctly states the law and is pertinent to one or more of the issues of the case and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge before argument, even though the language of the charge is not the exact language the court would have selected." However, it does not necessarily follow that such

error would be prejudicial so as to require a reversal; and neither the syllabus nor the opinion will support such a conclusion.

In *Washington Fidelity National Ins. Co. v. Herbert, supra* (125 Ohio St. 591), the syllabus reads:

"1. Section 11447, General Code [now Section 2315.01 (E), Revised Code], confers upon parties to civil actions the absolute right to have instructions, when presented in writing, given to the jury before argument if so requested, provided the same be a correct statement of the law, pertinent to one or more issues and applicable to evidence adduced in the case.

"2. Error in refusing to give such request to charge before argument is not cured by giving the same instruction in substance or in terms in the general charge."

It might be error to deny a party the absolute right referred to in paragraph one of that syllabus but it does not necessarily follow that such error would be prejudicial so as to require a reversal, and the syllabus does not state that it would. Also, such error may not be "cured by giving the same instruction * * * in the general charge" but again it does not follow that such error would necessarily be prejudicial so as to require a reversal, and the syllabus does not state that it would. The opinion, at page 593, does state that such error "is reversible error."

Also, in paragraph five of the syllabus of *Bradley v. Mansfield Rapid Transit, Inc., supra* (154 Ohio St. 154), it is stated that, where a court refuses to give a special instruction before argument that it should have given, such "failure to do so is reversible error"; and, in paragraph seven of the syllabus of *Payne v. Vance* (1921), 103 Ohio St. 59, 133 N. E. 85, it is stated that "it is reversible error to refuse such request." See also *Armuleuis v. Koblitz* (1926), 114 Ohio St. 73, 75, 150 N. E. 620.

However, there is nothing in either the syllabi or the opinions of those cases to indicate that the statement, that such error "is reversible error," was intended to convey the impression or represent a holding that such an error would require a reversal even in the absence of any prejudice therefrom. In our opinion, if this court had intended to make such an import-

ant departure from the "substantial justice" policy stated in Section 2309.59, Revised Code, or from the general rule that an error will not require a reversal if it is not affirmatively shown to be prejudicial, there would at least have been something said in the opinion, if not in the syllabus, about doing so.

In the recent case of *McFadden* v. *Galena Shale, Tile & Brick Co.* (1967), 10 Ohio St. 2d 70, 225 N. E. 2d 229, the Court of Appeals had reversed a judgment for failure to give two special requests to charge before argument. In a unanimous *per curiam* opinion reversing the judgment of the Court of Appeals and affirming that of the Common Pleas Court, this court stated:

"* * * the two requested special instructions relate only to the issue of plaintiff's damages. There is no claim of error in submission of the issue of defendant Dove's claimed negligence to the jury. There is nothing to indicate that the jury did not base its verdict * * * on a finding that defendant was not negligent. Hence, *any error in refusing to give the two special instructions could not have prejudiced plaintiff*. If, as its verdict indicates, the jury found defendant not negligent, it must not even have reached the issue of damages." (Emphasis added.)

See also *Herman* v. *Teplitz* (1925), 113 Ohio St. 164, 168, 148 N. E. 641, where the opinion "by the court" recognizes that refusal of a request to charge must be prejudicial in order to support a reversal.

The opinion in *Ricks* v. *Jackson* (1959), 169 Ohio St. 254, 257, 159 N. E. 2d 225, recognizes that the erroneous giving of a special request to charge may not be sufficiently prejudicial to justify a reversal.

See also *Lackner* v. *Burns* (1964), 175 Ohio St. 469, 196 N. E. 2d 447; *Deckant* v. *Cleveland* (1951), 155 Ohio St. 498, 99 N. E. 2d 609; *Wymer-Harris Construction Co.* v. *Glass* (1930), 122 Ohio St. 398, 171 N. E. 857; and *Makranczy* v. *Gelfand* (1924), 109 Ohio St. 325, 142 N. E. 688, which seem to require prejudice from the giving of a special request that might properly have been refused because not "complete in itself." (See *Scott* v. *Hy-Grade Food Products Corp.* [1936], 131 Ohio St. 225, 2 N. E. 2d 608.) If the giving of a special request to charge which might properly be refused may be sufficiently nonprejudicial so that a reversal is not required, it would seem to follow

that the failure to give a special request that should have been given could be sufficiently nonprejudicial so that a reversal would not be required.

Also, in *Centrello* v. *Basky* (1955), 164 Ohio St. 41, 128 N. E. 2d 80, an appellant complained because the trial court in its general charge had modified and weakened a special instruction given before argument at the appellant's request. In disposing of this complaint, the court stated in paragraph eight of the syllabus:

"Even though a paragraph in a general charge taken by itself is improper and misleading, yet where, considered in connection with the whole charge and the entire instructions of the court to the jury, it is apparent that no prejudicial error resulted, the judgment rendered on a verdict will not be reversed for such error."

Where a trial court modifies and weakens a special instruction properly given before argument, this will in substance amount to a refusal to give such charge as requested. Thus, paragraph eight of the syllabus of the *Centrello case,* when read in the light of the facts and contentions made as disclosed by the report of that case, also tends to support our conclusion that error in refusing to give a special request to charge before argument must be prejudicial in order to support a reversal.

We agree with the Court of Appeals' conclusions that a seven-year-old child can be contributorily negligent (See *Holbrook* v. *Hamilton Distributing, Inc.* (1967), 11 Ohio St. 2d 185, 228 N. E. 2d 628; that the questions of defendant's negligence and of plaintiff's contributory negligence were properly submitted to the jury; and that, as to those other special instructions which plaintiff requested and still contends should have been given, each was either properly refused or no prejudice resulted from any error in refusing to give it.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

*Judgment reversed.*

ZIMMERMAN, O'NEILL, SCHNEIDER and BROWN, JJ., concur.
MATTHIAS, J., concurs in the syllabus and judgment.
HERBERT, J., dissents.