Appellants Dennis and Dawn Haas appeal from a judgment of the Medina County Court of Common Pleas that adopted a magistrate's decision for appellee Douglas Hurban in his breach of contract claim against them. This Court affirms.
Mr. and Mrs. Haas entered into an agreement with Hurban to build them a house for $95,369. During November 1994, a dispute arose between the parties as to the terms of their agreement. The Haases maintained that there was a written contract, filed with the bank, which provided for a completion date of September 1994. Hurban, on the other hand, contended that the written papers filed with the bank were executed for purposes of the Haases' construction loan only and did not represent the agreement between the parties. Hurban contended that the parties entered into an oral agreement that they orally modified during the construction process. Several terms of the oral agreement, including the completion date, were different from those of the written agreement.
According to the Haases, Hurban breached the agreement by abandoning the construction project and forcing them to hire a new contractor. Hurban maintained, however, that he was forced to abandon the project because the Haases breached the agreement first. He contended that the Haases asked the bank to freeze their construction loan, prohibiting him from drawing funds to complete the project. Because Hurban claimed that he was owed more than $14,000 at the time the loan was frozen, he filed a mechanic's lien on the house.
On March 17, 1995, Hurban filed a complaint for breach of contract. The Haases counterclaimed, alleging that Hurban had breached the contract. Hurban also filed an action against the Haases' bank for gross negligence, but he dismissed that claim prior to trial.
The case proceeded to trial before a magistrate. The magistrate concluded that the parties were bound by their oral agreement and awarded Hurban $20,822 plus interest on his claim against the Haases. The Haases requested findings of fact and conclusions of law, but the magistrate denied that motion, ruling that the decision contained adequate findings of fact and conclusions of law. The Haases then filed objections to the magistrate's decision. The trial court overruled their objections and adopted the decision of the magistrate. On June 6, 1997, Hurban moved the trial court to order the bank to pay the judgment from the Haases' construction loan. The trial court granted the motion the same day.
The Haases appeal from the May 30, 1997 judgment and from the trial court's June 6, 1997 order that the bank pay the judgment. They assign four errors, which will be rearranged for ease of discussion.
Because the trial was held before a magistrate, whose decision was later adopted by the trial court, the Haases can raise on appeal only those challenges that they properly preserved pursuant to Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A party's failure to object to a magistrate's report prevents this Court from considering error in the lower court decision. Kita v.Kita (Nov. 24, 1999), Summit App. No. 19256, unreported.
The Haases did raise timely objections to the magistrate's decision and supported their objections with a transcript of proceedings. On appeal, however, they have raised some new arguments that were not raised through their objections in the trial court. Pursuant to Civ.R. 53(E)(3)(b), this Court will reach the merits of only those challenges that have been preserved for review.
The first assignment of error is that the trial court erred in concluding that the parties entered into an oral agreement. Although the Haases now raise legal challenges to this finding, such as the defense of statute of frauds, they did not assert these challenges through their objections to the magistrate's decision. The only challenge they raised below was that this finding was against the manifest weight of the evidence. Thus, that is the only challenge that will be reached on appeal.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born
(Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v.Otten (1986), 33 Ohio App.3d 339, 340.
Through their objections, the Haases conceded that Mr. Hurban testified that the parties entered into an oral agreement. They contested the factual finding, however, pointing to the following evidence: (1) Mrs. Haas's testimony that there was no oral agreement, and (2) a purported written construction agreement. Faced with conflicting testimony, the magistrate was required to assess the credibility of the witnesses to determine who was telling the truth. The magistrate chose to believe Mr. Hurban, noting in her decision that "[f]or the most part [she] did not find the testimony of Mrs. Haas credible[,]" and that "Mr. Hurban's testimony [was] more credible." Assessments of credibility are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
The Haases further contended that their contract with Mr. Hurban was reflected in a written agreement signed by the parties. The Haases presented a series of documents that they had submitted to their bank to obtain a construction loan. It was the Haases' position that these written documents constituted the construction agreement. They further asserted that, because there was a signed writing, no evidence of any prior oral agreements could be heard.
It is well settled, however, that evidence of the parties' prior negotiations and agreements is admissible to establish that the purported "agreement" was not in fact an integrated agreement. See 2 Restatement of the Law 2d, Contracts (1981) 132, Section 214(a); 4 Williston, Contracts (3 Ed. 1961) 1017, Section 634; 3 Corbin, Contracts (1960), 385, Section 577. There was evidence before the magistrate that the written documents filed with the bank did not represent the parties' construction agreement. Both Mr. Hurban and Mrs. Haas testified that these papers were completed only because the bank required them. Mr. Hurban explained that the parties' actual agreement was their prior oral agreement.
The parties' subsequent behavior further supported Mr. Hurban's testimony that the oral agreement was controlling. Until a dispute arose between the parties, their behavior had been consistent with the terms of their oral agreement and inconsistent with the contradictory terms of the written documents. For instance, contrary to the explicit terms of the written documents: (1) Mrs. Haas obtained all the required permits (seven in all) except for the plumbing permit; (2) after filing the documents with the bank, alterations were made to the house plan blueprints, which reflected the parties' oral agreement; and (3) Mr. Hurban constructed a large porch and overhang that was not included in the written documents filed with the bank. The parties' behavior indicated that they intended to be bound by the terms of their oral agreements, not the written documents filed with the bank.
The magistrate concluded that the parties never intended to be bound by the terms of the written documents, but that these documents were completed solely for the purpose of the Haases obtaining a construction loan. The magistrate found instead that the parties were bound by the terms of their oral agreement. This Court cannot say that this finding resulted in a manifest miscarriage of justice. The first assignment of error is overruled.
The second assignment of error is that the trial court's calculation of damages was against the manifest weight of the evidence. Although the Haases did challenge the damage calculation through their objections to the magistrate's decision, their argument was that the trial court ignored the testimony of Mrs. Haas and that it erred in concluding that Mr. Hurban was entitled to recover for his own labor. On appeal, they have abandoned that argument and have asserted entirely new challenges. Because these challenges were not raised through their objections, this Court is precluded from reaching their merits. The second assignment of error is overruled accordingly.
The fourth assignment of error is that the trial court erred in failing to issue adequate findings of fact and conclusions of law upon the Haases' request. Civ.R. 53(E)(2) provides that "[i]f any party makes a request for findings of fact and conclusions of law under Civ.R. 52 * * * the magistrate shall include findings of fact and conclusions of law in an amended magistrate's decision."[1] The Haases moved for findings of fact and conclusions of law. The magistrate overruled their request, reasoning that her prior decision included sufficient findings of fact and conclusions of law. This Court agrees.
The Supreme Court of Ohio has held that a trial court's opinion satisfies the requirements of Civ.R. 52 "where, when considered together with other parts of the trial court's record, it formed an adequate base upon which to decide the narrow legal issue presented." Stone v. Davis (1981), 66 Ohio St.2d 74, 85, citing In re Schoeppner (1976), 46 Ohio St.2d 21, 23. The magistrate's decision was more than adequate. In a decision that was more than seven pages long, the magistrate summarized the arguments and evidence presented by the parties, indicated that she found Mr. Hurban's testimony to be more credible than Mrs. Haas's, made findings of each of the material facts before the court, and stated conclusions on each of the relevant legal issues. This decision satisfied the requirements of Civ.R. 52, so it was not necessary for the magistrate to issue further findings in response to the Haases' request. The fourth assignment of error is overruled.
The Haases' third assignment of error is that the trial court denied them due process when it granted Hurban's motion to order their bank to pay the judgment without giving them notice and an opportunity to be heard. Specifically, they contend that, had they been given notice of the motion, they would have moved the trial court to stay the execution of the judgment. Even if this Court were to assume that the Haases have a right to appeal from this order, see R.C. 2505.02 (post-judgment orders may be appealable if they affect a substantial right), they have failed to demonstrate any reversible error. It is fundamental that, to demonstrate reversible error on appeal, one must demonstrate not only that the trial court committed error, but also that the error resulted in prejudice. Smith v. Flesher (1967), 12 Ohio St.2d 107, paragraph one of the syllabus.
Even if this Court could find error here, the Haases have failed to demonstrate any resulting prejudice. Because this Court overruled each of the Haases' assigned errors and affirmed the judgment for Hurban, a failure to stay the judgment resulted in no financial loss to them. Moreover, this Court has assumed, in the interests of justice, that the Haases did not voluntarily pay the judgment.[2] Thus, their appeal was not rendered moot by a failure to stay the judgment. See Federal Land Bank of Louisvillev. Wilcox (1991), 74 Ohio App.3d 474, 476-477. The third assignment of error is overruled.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BETH WHITMORE, FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR
[1] The Haases have relied on several cases that construed a prior version of Civ.R. 53. Unlike the prior version of the rule, the current version of Civ.R. 53(E) does not require a detailed report. Thus, these cases are inapplicable.
[2] Because there is nothing in the record to the contrary, this Court assumes that the judgment has been paid, but that it was not done with the Haases' acquiescence.