Because I am loath to hold that permitting a juror to ask a question is in all circumstances inherently prejudicial or plain error, I must respectfully dissent.
Today, the majority overrules our prior holding in State v. Cobb (July 24, 200), Seneca App. No. 13-200-07, unreported where we registered concerns with the practice of allowing jurors to pose questions to witnesses but nevertheless held, "An appellant must demonstrate resulting prejudice in order for a reviewing court to overturn a judgment based upon the trial court's decision to allow jurors to question the witnesses."
In overruling the Cobb decision, the majority's holding mirrors that of the First District Court of Appeals in State v. Gilden (June 15, 2000), Hamilton App. No. C-000276, unreported. The Gilden court was the first in Ohio to take the issue of juror questioning out of the trial court's hands by declaring it "inherently prejudicial" and therefore plain error. The majority here is the first to give weight to the Gilden
decision.
The Tenth District Court of Appeals, in State v. Fisher (Dec. 20, 2001), Franklin App. No. 01-AP-614, unreported refused to apply Gilden
and in doing so pointed to the fact that the ultimate holding in Gilden
conflicted with every Ohio court that has addressed this issue not to mention the majority of federal courts. The Fisher court concluded, "the practice of allowing jurors to submit questions does not amount to plain error. Instead, cases should be carefully examined to ascertain whether there was an abuse of discretion in the process." Id.
I do not dispute the majority's contention that allowing a juror to question a witness is problematic and is not ideal in all circumstances. I do however take issue with the majority's conclusion that would leave a trial judge without the discretion to gauge or assess the proper circumstances in which juror questions could be beneficial and thereafter to implement protective guidelines. Rather than tie a trial court's hands, I would provide specific guidance as did The United States Sixth Circuit Court of Appeal's in U.S. v. Collins(2000), 226 F.3d 457 where the appellate court instructed the district courts as follows:
 Allowing juror questions should not become a routine practice, but should occur only rarely after the district court has determined that such questions are warranted. In exercising their discretion, trial judges must weigh the potential benefits of juror questioning against the possible risks and, if the balance favors juror questions, employ measures to minimize the risks. When a court decides to allow juror questions, counsel should be promptly informed. At the beginning of the trial, jurors should be instructed that they will be allowed to submit questions, limited to important points, and informed of the manner by which they may do so. The court should explain that, if the jurors do submit questions, some proposed questions may not be asked because they are prohibited by the rules of evidence, or may be rephrased to comply with the rules. The jurors should be informed that a questioning juror should not draw any conclusions from the rephrasing of or failure to ask a proposed question. Jurors should submit their questions in writing without disclosing the content to other jurors. The court and the attorneys should then review the questions away from the jurors' hearing, at which time the attorneys should be allowed an opportunity to present any objections. The court may modify a question if necessary. When the court determines that a juror question should be asked, it is the judge who should pose the question to the witness. Id at 464.
While I do not favor a court's encouraging or soliciting juror questions, I do not believe it is properly the province of this court or within its appellate jurisdiction to promulgate procedural rules of general application. The sweep of the judgment entered in the Third Appellate District today precludes even the single juror asking a pertinent question in a case in which the trial judge ought to have the discretion to allow or deny that opportunity considering the circumstances then obtaining.
Furthermore, while the majority expresses valid concerns with juror questioning, I am not convinced that a juror is more distracted by framing a question to assist understanding of all the issues than he is by pondering an unanswered question or confusing testimony or even by boredom.
The most alarming aspect of the majority's decision today is the deviation from the elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him.Smith v. Flesher (1967) 12 Ohio St.2d 107. Since we have never found prejudice in a case where the jury was permitted to ask questions of a witness, it is inconsistent to find that the practice itself is per se prejudicial.
Accordingly, I would overrule Appellant's first assignment of error and address the remaining assignments.