OPINION
{¶ 1} Defendant-appellant DTR Industries, Inc. (hereinafter "DTR"), appeals the judgment of the Allen County Court of Common Pleas, finding plaintiff-appellee, Garry Howe (hereinafter "Howe"), eligible to participate in the Worker's Compensation Fund.
 {¶ 2} In 1997, Howe began working at DTR as a production associate on second shift. In 2000, he requested a transfer to first shift. His request was granted, and he was assigned to a new job. His new job duties involved pushing and pulling hoses on and off mandrels.[1] On or about August 15, 2000, as a result of his new job duties, Howe claimed that he developed a condition diagnosed as right lateral epicondylitis. Howe also alleged that his new job duties had aggravated a pre-existing degenerative joint disease of the right elbow, which had developed previously from injuries he sustained in a 1989 automobile accident.
 {¶ 3} As a result of these alleged injuries, Howe was placed on work restrictions by his physician, Dr. Michael Weiser. The restrictions were imposed by DTR from August 2000 to February 2001. In February 2001, DTR informed Howe they no longer had work available for him within his physical limitations.
 {¶ 4} In September 2001, Howe filed an application with the Bureau of Worker's Compensation ("BWC") and the Industrial Commission. Following several hearings and appeals, the Staff Hearing Officer ultimately concluded that Howe's injury was work related and that Howe's claim should be allowed for right lateral epicondylitis and aggravation of pre-existing degenerative joint disease of the right elbow. As a result of this decision, DTR appealed to the Industrial Commission. On February 6, 2002, the Industrial Commission refused DTR's appeal.
 {¶ 5} On February 19, 2002, DTR filed an appeal with the Allen County Court of Common Pleas and a jury trial proceeded on August 24, 2004. The jury rendered a verdict in favor of Howe, which granted him the right to participate in Ohio's Worker's Compensation Fund for the conditions of right lateral epicondylitis and the aggravation of pre-existing degenerative joint disease of the right elbow.
 {¶ 6} It is from this decision that DTR now appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred by failing to allow evidence ofPlaintiff-appellee's Short Term Disability Application and associatedtestimony indicating that Plaintiff-appellee's injury was notwork-related.
 {¶ 7} In order to participate in the workers' compensation fund, a plaintiff must demonstrate by a preponderance of the evidence that his or her alleged injury arose in the course of his or her employment. Fox v.Indus. Comm. of Ohio (1955), 162 Ohio St. 569, paragraph one of the syllabus. In this assignment of error, DTR alleges that the trial court erred in excluding evidence that was relevant to this determination. Specifically, DTR asserts that the trial court erred in excluding an application for short term disability benefits that had been completed in August 2000, when Howe had allegedly suffered his injuries. DTR argues that the relevancy of his application was not substantially outweighed by any unfair prejudicial value and that assertions made by both Howe and Dr. Weiser in the short term disability application were highly relevant to the issue of whether Howe's injury was work related.
 {¶ 8} Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Evid.R. 401. In general, all relevant evidence is admissible. Evid.R. 402. However, relevant evidence must be excluded from admission if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Evid.R. 403(A).
 {¶ 9} When considering the prejudicial value of evidence pursuant to Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere unless the trial court has clearly abused its discretion and a party has been materially prejudiced thereby. State v. Maurer (1984), 15 Ohio St.3d 239, 264. An abuse of discretion consists of more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Schwochow v. Chung (1995), 102 Ohio App.3d 348.
 {¶ 10} The short term disability application in question consisted of four parts: the Employer's Statement, the Employee's Statement, an Authorization by the employee to obtain information, and an Attending Physician's Statement. Neither the Employer's Statement nor the Authorization to obtain information is at issue in this case. Therefore, the issue we must decide is whether the trial court erred in excluding the Employee's Statement and the Attending Physician's Statement from the jury's consideration.
 {¶ 11} The Attending Physician's Statement on the short term disability application consisted of a series of questions regarding the patient's diagnosis and the cause of the patient's injury. This statement was completed in Dr. Weiser's office. One of the questions on the statement asked whether Howe's condition was due to an injury that was work related. The answer "no" was indicated in response to this question.
 {¶ 12} Per the motion in limine by Howe, the trial court excluded this statement from evidence. In determining that the Attending Physician's Statement was inadmissible, the trial court relied, in part, on the fact that the document was not authenticated. In his deposition, Dr. Weiser stated that someone from his office staff, but he did not know who, filled out the statement and stamped his signature on it. In addition, he testified that he did not personally sign the form. Although Dr. Weiser acknowledged that his staff had authority to fill out such forms, he testified that the statement did not accurately reflect his opinion of Howe's condition.
 {¶ 13} Evid. R. 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In the case sub judice, DTR claims that the Attending Physician's Statement evidences Dr. Weiser's prior opinion that Howe's condition was not work related, and the jury should have been permitted to consider this prior opinion in evaluating Dr. Weiser's credibility.
 {¶ 14} After review, we cannot agree with DTR's assertions. First, Dr. Weiser specifically testified that his opinion was not reflected by the Attending Physician's Statement because he never believed that Howe's injury was not related to his employment. This testimony was not contradicted by DTR. Second, there was no evidence in the record before us regarding which individual in Dr. Weiser's office completed the statement or whether it was filled out as part of a question and answer session with Howe or was dictated by Dr. Weiser. Moreover, Dr. Weiser did not personally sign the statement and stated that he had never seen it before the day of his deposition. Based on this, we cannot conclude that sufficient evidence existed to support a finding that the Attending Physician's Statement contained Dr. Weiser's opinion at the time it was completed. Under these circumstances, the Attending Physician's Statement was not authenticated pursuant to Evid.R. 901, and its exclusion by the trial court was not improper.
 {¶ 15} Moreover, Dr. Weiser's testimony indicates that he was not aware of the existence of the Attending Physician's Statement before the day of his deposition. Evid.R. 602 requires a witness to have personal knowledge of a matter before testimony may be given. The trial court did not abuse its discretion in refusing to permit Dr. Weiser to be cross examined on the Attending Physician's Statement, the contents of which he had no personal knowledge.
 {¶ 16} The remaining issue to be determined is whether the trial court properly excluded the Employee's Statement, which is the portion of the short term disability application that Howe completed, and cross-examination testimony related to it.
 {¶ 17} The Employee's Statement, dated February 5, 2001, contained the question, "[I]s your condition related to your occupation?" To this question, Howe responded "yes" and explained, "I've had a previous injury, but my occupation aggravated and worsened by elbow condition." Howe also responded "no" to a question as to whether he had filed, or intended to file a Worker's Compensation claim, stating, "[i]t was determined damage was from previous injury."
 {¶ 18} At trial, Howe filed a motion in limine to exclude the Employee's Statement from evidence. DTR opposed the motion, arguing that Howe's explanation of his injury on the Employee's Statement and his conflicting explanation in his complaint for workers' compensation were relevant. The court reasoned that information regarding whether Howe received disability benefits was unnecessary to decide the issue as to whether Howe's injury was work related. The trial court also determined that the prejudicial value of the statement and testimony about it would outweigh any relevancy and granted Howe's motion.
 {¶ 19} After reviewing the Employee's Statement, we agree with DTR that Howe's opinion expressed in the Employee's Statement was contradictory to his subsequent application for workers' compensation benefits. However, to support reversal of a judgment the record must show affirmatively that the error in the exclusion of evidence was to the prejudice of the party seeking reversal. See Smith v. Flesher (1967),12 Ohio St.2d 107. Civ.R. 61 provides that "No error in * * * the exclusion * * * of evidence is grounds for granting a new trial or for setting aside a verdict * * * unless * * * such action appears to the court inconsistent with substantial justice." If the jury would have made the same decision absent the occurrence of the error, we must find that such error is harmless. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 165, quoting Hallworth v. Republic Steel Corp. (1950), 153 Ohio St. 349, paragraph three of the syllabus.
 {¶ 20} At trial, Howe testified on direct examination concerning his prior automobile accident and his recovery from the injury sustained therein. In addition, Howe testified that when he experienced pain at work, he reported his injury to his superiors and they discussed whether it could be an aggravation of his pre-existing condition.
 {¶ 21} Laura Crisp, the safety manager at DTR at the time of Howe's injury, testified for the defense about these prior conversations. Crisp stated that when Howe first complained of his pain experienced while working he stated it was related to the auto accident. Specifically, Crisp testified as follows:
Okay, what did [Howe] say to you about [the injury]?
 He felt at that time it was not related to work. I followed upwith him after his doctor's appointment and he stated that it wasrelated to his accident and not to work.
The record reveals that Howe was cross-examined on these statements. Additionally, defense counsel thoroughly questioned Howe as to why, after an injury that he claimed was sustained at work, he waited nearly a year to file a worker's compensation claim.
 {¶ 22} After review, we find that the admission of the Employee's Statement and related testimony would have been merely cumulative to the testimony adduced at trial from Howe and Crisp. Moreover, we do not believe that the admission of the statement would have affected the jury's decision, as the record demonstrates that the jury was presented with conflicting explanations of Howe's injury, made by Howe himself, and concluded that his injury was related to his work at DTR and not the previous accident in which he was involved. Therefore, we find that any error by the trial court in the exclusion of the Short term Disability Application from the jury's consideration was harmless.
 {¶ 23} Accordingly, DTR's assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J. and BRYANT, J. concur.
[1] A mandrel is defined as "a spindle or axle used to secure or support material being machined or milled." American Heritage Dictionary (2 Ed. 1985) 762.