OPINION
{¶ 1} The parties were divorced in 1999. Two children were born of the marriage. Appellee, Patricia A. Andrews, was designated the primary residential parent and custodian of them.
 {¶ 2} Patricia A. Andrews left the state of Ohio with the two children in September 2004. At that time, the two children were ten years of age and seven years of age, respectively. Appellant, Howard E. Andrews, Jr. ("Andrews"), filed a motion to designate him the residential parent. The trial court granted this motion on a temporary basis. The matter was then set for hearing before a magistrate.
 {¶ 3} On September 7, 2005, the magistrate's decision recommended that Patricia A. Andrews be reinstated as the primary residential parent. On the same day, the trial court approved the magistrate's decision and ordered that Patricia A. Andrews continue to be designated as the residential parent of the minor children.
 {¶ 4} Andrews timely filed objections to the magistrate's decision. He was unable to file a transcript of the proceedings, because the DVD that was supposed to contain the proceedings before the magistrate was blank. In lieu thereof, Andrews provided an affidavit as to the proceedings before the magistrate.
 {¶ 5} The trial court conducted an independent review of the record, Andrews' motion, and the magistrate's decision. It overruled the objections of Andrews, and ordered the two children to be returned to Patricia A. Andrews. This order was dated September 29, 2005. Andrews timely filed an appeal to this court from that order.
 {¶ 6} Andrews has raised two assignments of error, the first of which is as follows:
 {¶ 7} "The trial court erred, to the prejudice of appellant by failing to preserve the transcript."
 {¶ 8} Civ.R. 53(D)(2) provides as follows:
 {¶ 9} "(2) Except as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court."
 {¶ 10} If the objecting party wishes to challenge findings of fact made by the magistrate in his objections, he shall furnish a transcript of evidence in support of such objections. Civ.R. 53(E)(3)(c) provides, in pertinent part:
 {¶ 11} "(c) Objections to magistrate's findings of fact. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 12} In this case, the proceedings before the magistrate were recorded on a DVD machine, which was supposed to electronically reproduce a DVD containing both video and audio recordings of the magistrate's hearing. Unfortunately, the sound portion of the DVD was not recorded. Alternatively, therefore, Andrews could only file an affidavit in support of his objections from the magistrate's decision. There is no evidence in the record, nor has Andrews argued that any misconduct occurred with respect to the DVD recording. We conclude that the omission of the audio portion of the DVD was inadvertent or accidental, and, therefore, would require Andrews to demonstrate how he has been prejudiced in order to sustain this assignment of error.
 {¶ 13} "`It is an elementary proposition of law that an appellant, in order to secure a reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him.'"[1]
 {¶ 14} A review of the record fails to reveal how Andrews was prejudiced in being required to file an affidavit instead of a transcript of the recorded testimony. While a transcript would have been preferable, the rule allows for human error and provides the alternative of an affidavit to be filed in lieu of a transcript. However, the mere inconvenience of having to comply with the alternative permitted by Civ.R. 53(E)(3)(c) cannot have materially prejudiced Andrews.[2]
 {¶ 15} Further, there does not appear to be any evidentiary point that Andrews would have been able to urge through a transcript that he was not able to urge by way of affidavit.
 {¶ 16} In his affidavit, Andrews recapitulated the points that he made at the magistrate's hearing. He advised the court that one of the children has a severe abdominal condition, known as encopresis, that needs frequent medical attention; that, in his view, Patricia A. Andrews was not sufficiently attending to this problem; that Patricia A. Andrews abruptly left the state of Ohio for a new job in Virginia without notifying the court; that Patricia A. Andrews had filed for bankruptcy; that the children had enrolled in the Warren city schools while in his care and were doing well there; and that the paternal grandparents took an active part in the children's lives and upbringing.
 {¶ 17} Patricia A. Andrews in this court argues that Andrews' affidavit in support of his objections did not contain a statement of "all the evidence." Even assuming this to be true, no motion to that effect or counter-affidavit was filed by her in the trial court that would have brought this fact to the attention of the trial court. Moreover, even if Andrews' affidavit is one-sided, the testimony at the hearing that he summarized in his affidavit does not appear to have been sufficiently nuanced that the trial court could miss the points Andrews was trying to make in the absence of a transcript. Therefore, even if Andrews' affidavit did not contain a statement of "all the evidence," the trial court was able to make an independent review of the record, Andrews' motion, and the magistrate's decision. In addition, the guardian ad litem made a recommendation to the trial court that the children remain with Patricia A. Andrews. We find nothing in the record or in Andrews' brief that would indicate he was prejudiced by having to file an affidavit instead of a transcript of the testimony.
 {¶ 18} The first assignment is without merit.
 {¶ 19} Andrews' second assignment of error is as follows:
 {¶ 20} "The trial court erred, to the prejudice of appellant, by failing to properly apply the facts of this hearing to O.R.C. 3109.04."
 {¶ 21} The standard of review in a case involving the allocation of parental rights and responsibilities is well stated by the Sixth Appellate District:
 {¶ 22} "A trial court's decision regarding the allocation of parental rights and responsibilities that is supported by substantial competent and credible evidence will not be reversed on appeal absent an abuse of discretion. * * * In determining the allocation of parental rights and responsibilities, the trial court is granted broad discretion. * * * The Ohio Supreme Court, noted in Trickey v. Trickey (1952), 158 Ohio St. 9, 13,106 N.E.2d 772, that `in proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record.' Accordingly, the trial court's determination as to custody will not be disturbed on appeal absent an abuse of discretion."[3]
 {¶ 23} R.C. 3109.04(E)(1)(a) provides, in relevant part:
 {¶ 24} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 25} "* * *
 {¶ 26} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 27} Therefore, the two prongs of R.C. 3109.04(E)(1)(a) that must be satisfied before a modification of the allocation of parental rights and responsibilities is made are that there be a change of circumstances and that the modification is necessary to serve the best interest of the child.
 {¶ 28} With respect to the change of circumstances prong, Andrews argues that such circumstances include the fact that his daughter suffers from a medical condition that did not receive sufficient medical attention from Patricia A. Andrews; that Patricia A. Andrews moved from Ohio without notifying the court; that Patricia A. Andrews quit her job in Ohio and took a job in Virginia; that the children were removed from their school systems; that Patricia A. Andrews filed bankruptcy; and that five years have gone by since the original divorce decree.
 {¶ 29} The Supreme Court of Ohio has stated what is required for a change of circumstances in order to modify parental rights and responsibilities:
 {¶ 30} "Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change. The nomenclature is not the key issue. As the Wyss court aptly stated:
 {¶ 31} "`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'"[4]
 {¶ 32} With regard to the child's medical condition, the magistrate found as follows in his decision:
 {¶ 33} "[Daughter] does suffer from encopresis which both parents understand equally as well. [Andrews] seems to believe that he is the best parent to control this condition. However, it is found that both parents deal with this problem equally as well with much concern."
 {¶ 34} With regard to the fact that Patricia A. Andrews moved from Ohio abruptly, the magistrate found as follows:
 {¶ 35} "[Patricia A. Andrews] has abruptly established a residence in Virginia and this disturbs the Court because the Court and [Andrews] were not even involved or given notice of this move. [Patricia A. Andrews] has a new job and resides with extended family who are very close to the children."
 {¶ 36} Here the magistrate was referring to the fact that Patricia A. Andrews was required to give notice before relocating to another state, pursuant to R.C. 3109.051(G)(1).
 {¶ 37} "The courts take a dim view of a parent who removes children from a jurisdiction for the sole purpose of spiting the other parent's rights to the children. * * * Nevertheless, relocation to another jurisdiction is only one factor to be taken into account by the court under R.C. 3109.04."[5]
 {¶ 38} Thus, the abrupt move to Virginia by Patricia A. Andrews, and taking the two children with her, will not, by itself, be enough to constitute a sufficient change of circumstances to change the allocation of parental rights and responsibilities.[6]
 {¶ 39} Likewise, the fact that Patricia A. Andrews filed bankruptcy, by itself, without showing how this fact was detrimental to the children's environment, will not be enough to constitute a change of circumstances.[7]
 {¶ 40} Nor can we accept that the mere passage of time since the original decree would constitute a sufficient change of circumstances, lest courts become timekeepers of child custody arrangements and be called on to "restart the clock" in favor the parent whose whim it is to change custody. We do not believe that the mere passage of time is a "change of substance" that the Supreme Court of Ohio referred to in the Davis case.
 {¶ 41} Thus, a review of the record reflects that Andrews did not demonstrate a sufficient change of circumstances to warrant a change in the allocation of parental rights and responsibilities. Whether there is a change of circumstances is a threshold inquiry,[8] such that a change of circumstances must be present before a trial court will move on to the second prong of its analysis, that being the best interest of the children.[9]
 {¶ 42} We note, however, that the magistrate's decision and the trial court's order did consider all the best interest factors enumerated in R.C. 3109.04(F)(1), and the trial court stated that "it is clearly in the children's best interest" that Patricia A. Andrews shall remain the residential parent.
 {¶ 43} In sum, the trial court did not abuse its discretion in overruling Andrews' objections and in ruling that Patricia A. Andrews remain the residential parent of the two minor children.
 {¶ 44} The second assignment of error is without merit.
 {¶ 45} The judgment of the trial court is affirmed.
Grendell, J., O'Toole, J., concur.
[1] Hampel v. Food Ingredients Specialties, Inc. (2000),89 Ohio St.3d 169, 185, quoting Smith v. Flesher (1967),12 Ohio St.2d 107, 110.
[2] See, e.g., Smith v. Smith (1959), 168 Ohio St. 447, 457.
[3] (Internal citations omitted.) Wygant v. Wygant, 6th Dist. No. 16-05-16, 2006-Ohio-1660, at ¶ 6.
[4] (Emphasis in original.) Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, quoting Wyss v. Wyss (1982),3 Ohio App.3d 412, 416.
[5] (Citations omitted.) In re J.C., 8th Dist. No. 87028,2006-Ohio-2893, at ¶ 10.
[6] Id.
[7] See, e.g., In re Stover (July 18, 1985), 10th Dist. No. 85AP-140, 1985 Ohio App. LEXIS 6993, at *5.
[8] Coe v. Schneider, 4th Dist. No. 05CA26, 2006-Ohio-440, at ¶ 16.
[9] Smith v. Smith (July 26, 2000), 4th Dist. No. 00 CA 07, 2000 Ohio App. LEXIS 3541, at *13.