The State of Ohio, Appellee, *v.* Stanton, Appellant.

[Cite as State v. Stanton, 15 Ohio St. 2d 215.]

(No. 41416—Decided July 17, 1968.)

*Mr. Jack M. Kinney,* city prosecutor, for appellee.

*Messrs. Savage, Zito & O'Malley* and *Mr. Walter A. Savage,* for appellant.

TAFT, C. J. It is first contended that the trial court erred in permitting the prosecutor, over objection, to introduce evidence of defendant's refusal to take an intoximeter test and in further permitting the prosecutor to comment upon such failure in argument to the jury. For the reasons which we gave in *Westerville* v. *Cunningham, ante* 121, these claims of error are rejected.

It is contended further that, where a special instruction in writing before argument is given by the trial court, it is prejudicial error for the court to identify to the jury the party who requested that instruction.

In our opinion, such a conclusion is required by Section 2945.10, Revised Code, which, so far as pertinent, reads:

"(E) When the evidence is concluded, either party may request instructions to the jury on the points of law, which instructions shall be reduced to writing if either party requests it.

" * * *

"(G) The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, *when so written* and given, shall *not* be *orally qualified,* modified, *or explained to the jury* by the court. * * *" (Emphasis added.)

Also, as stated in the opinion by Matthias, J., in *Rosenberry* v. *Chumney* (1960), 171 Ohio St. 48, 51, 168 N. E. 2d 285:

" * * * When a special instruction is given at the request of a party, it is not given as an instruction of such party but as an instruction of the court itself and becomes the law of the case."

See, also, *Lima Used Car Exchange Co.* v. *Hemperly* (1929), 120 Ohio St. 400, 166 N. E. 364.

The court's statement that such an instruction is given at the request of a party is likely to indicate to the jury that it is not as much an instruction of the court as are other parts of the court's charge.

However, we agree with the statement of Hunsicker, J., in the opinion of the Court of Appeals that "After reading the bill of exceptions, this court can come to but one conclusion, which is, that * * * Stanton was driving his motor vehicle on a public highway in Medina County while under the influence of alcohol, at the time and place set out in the affidavit charging him with such offense."

Hence, since the record does not affirmatively show that this error prejudiced the defendant, the judgment of the Court of Appeals is affirmed. *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, 233 N. E. 2d 137.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.