[Cite as *State v. Davis*, 2011-Ohio-1886.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00298 |
| FRED DAVIS, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Canton, Municipal
Court, Case No. 2010CRB3186

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 18, 2011

APPEARANCES:

For Plaintiff-Appellant

JOSEPH MARTUCCIO
CANTON LAW DIRECTOR

TYRONE HAURITZ
CANTON CITY PROSECUTOR

ANTHONY J. FLEX
218 Cleveland Ave. S.W.
Box 24218
Canton, OH 44701

For Defendant-Appellee

JOHN N. MACKEY
217 Second Street N.W.
Suite 610 - Bliss Tower
Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant Fred Davis, Jr. appeals his conviction after a bench trial for one count of public indecency in violation of R.C. 2907.09. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On June 30, 2010, appellant attended a class at Goodwill Industries. Lydia Oravetz also attended the Goodwill class, which was taught by instructor Doug Brown. The Goodwill class focused on rehabilitating convicted felons who sought post-conviction employment skills.

{¶3} During the class, Ms. Oravetz noticed appellant was staring at her. Appellant was seated next to Ms. Oravetz. Ms. Oravetz offered appellant a breath-mint from her purse. At this time, she noticed appellant had his erect penis pulled out of his pants and that he was masturbating. Additionally, Mr. Davis was hiding his penis from the other students in the classroom by using his coat as a cover/shield so only Ms. Oravetz could see his penis. Ms. Oravetz became embarrassed and immediately turned away from appellant. As soon as class ended, Ms. Oravetz approached the teacher, Doug Brown, in his office. She was visibly upset and shaken. She informed Mr. Brown of the incident with appellant.

{¶4} Mr. Brown filled out an incident report and they called the police. The police arrived and took a report, which was assigned to the Canton Police Department Detective Bureau. Ms. Oravetz met with the Detective Bureau, was interviewed regarding the incident, and positively identified appellant from a photo line-up.

{¶5} On July 28, 2010, appellant was arrested on a warrant that had been issued on July 27, 2010, for one violation of R.C. 2907.09, public indecency, a first degree misdemeanor.[1]

{¶6} On August 17, 2010, appellant filed a demand for a jury trial, which was scheduled for September 16, 2010. On August 27, appellant withdrew his request for a jury trial and requested a trial by the court, which was granted on August 30, 2010. A trial to the court was held on September 16, 2010.

{¶7} The court found appellant guilty of one count of public indecency under R.C. 2907.09, a first degree misdemeanor. Appellant was sentenced to 180 days in the Stark County Jail. All but 60 days were suspended on the condition of good behavior for two years and no direct or indirect contact with the victim, the witness who testified at trial. The appellant was given credit for 57 days served, and was immediately taken into custody to serve three days at the Stark County Jail.

{¶8} Appellant has timely appealed raising the following three assignments of error for our consideration:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT APPELLANT'S MOTION FOR AN ACQUITTAL AND A DIRECTED VERDICT IN ACCORDANCE WITH CRIM.R. 29, BECAUSE THE EVIDENCE WAS INSUFFICIENT TO CONVICT THE APPELLANT ON THE CHARGE OF PUBLIC INDECENCY UNDER ORC 2907.09.

{¶10} "II. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT APPELLANT'S MOTION FOR AN ACQUITTAL AND A DIRECTED VERDICT IN

---

[1] Appellant's counsel stipulated to appellant's three prior convictions for public indecency. See, R.C. 2907.09(C)(2)

ACCORDANCE WITH CRIM.R. 29, BECAUSE THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

{¶11} "III. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 1, SECT. 10 OF THE CONSTITUTION OF THE STATE OF OHIO, BECAUSE THE APPELLANT'S ATTORNEY FAILED TO RAISE OBJECTIONS AGAINST THE ONLY WITNESS' TESTIMONY, FAILED TO CALL ANY WITNESSES AND STIPULATED TO PRIOR OFFENSES OF THE APPELLANT."

I & II.

{¶12} Because appellant's First and Second Assignments of Error each require us to review the evidence, we shall address the assignments together.

{¶13} In his First Assignment of Error appellant alleges that the trial court erred in not granting his Crim. R. 29 motion for acquittal at the conclusion of the state's case. In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; *State v. Jenks* (1991), 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503 superseded by State constitutional amendment on other grounds as stated in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668..

{¶14} In his Second Assignment of Error appellant maintains that his conviction is against the manifest weight of the evidence.

{¶15} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 superseded by constitutional amendment on other grounds as stated by *State v. Smith,* 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; *State v. Jenks*, supra 61 Ohio St.3d at 273, 574 N.E.2d at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781; *Jenks*, 61 Ohio St.3d at 273, 574 N.E.2d at 503.

{¶16} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Wilson*, 713 Ohio St.3d 382, 387-88, 2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more persuasive--the state's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings." *State v. Wilson*, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. (Quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case

in which the evidence weighs heavily against the conviction." *State v. Thompkins*, supra.

**{¶17}** Employing the above standard, we believe that the State presented sufficient evidence from which the trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offense of public indecency.

**{¶18}** In the present case, appellant was charged with and convicted of public indecency in violation of R.C. 2907.09, which states in relevant part:

**{¶19}** "(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:

**{¶20}** "(1) Expose the person's private parts;

**{¶21}** "(2) Engage in sexual conduct or masturbation;

**{¶22}** "(3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.

**{¶23}** "* * *"

**{¶24}** R.C. 2907.09(C)(2) states that "[i]f the offender previously has been convicted of or pleaded guilty to three or more violations of this section, a violation of division (A)(1) of this section is a misdemeanor of the first degree [.]"

**{¶25}** Appellant argues that only one student claimed to have witnessed the act and the only witness claimed that she saw the appellant's expose himself, and then said that he held a jacket over his genital area. He argues that this evidence was does not amount to proof beyond a reasonable doubt.

**{¶26}** In *State v. Clay,* this Court noted that appellate review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, supra. 187 Ohio App.3d 633, 933 N.E.2d 296, 2010-Ohio-2720 at ¶ 68. We noted,

**{¶27}** *"Jackson* thus establishes a two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence. First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. This means that a court of appeals may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial. See Id., at 318-319, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Rather, when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. Id. at 326, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; see also *McDaniel*, --- U.S. ----, 130 S.Ct. at 673-674, 175 L.Ed.2d **308 582; *United States v. Nevils* (C.A.9, 2010), 548 F.3d 802.

**{¶28}** "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560; *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

**{¶29}** "This second step protects against rare occasions in which a properly instructed jury may * * * convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 317, 99 S.Ct. 2781, 61 L.Ed.2d 560. More than a mere modicum of evidence is required to support a verdict. Id. at 320, 99 S.Ct. 2781, 61 L.Ed.2d 560 (rejecting the rule that a conviction be affirmed if 'some evidence' in the record supports the jury's finding of guilt). At this second step, however, a reviewing court may not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, Id. at 318-319, 99 S.Ct. 2781, 61 L.Ed.2d 560, quoting *Woodby v. INS* (1966), 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362, only whether "any" rational trier of fact could have made that finding, id. at 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. *Nevils.*" *State v. Clay,* 187 Ohio App.3d at 648-649, 933 N.E.2d at 307-308, 2010-Ohio-2720 at ¶ 69-71. (Internal quotation marks omitted).

**{¶30}** Viewing the evidence of the sole eyewitness in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of public indecency. We hold, therefore, that the state met its burden of production regarding each element of the crime of public indecency and, accordingly, there was sufficient evidence to support appellant's conviction.

**{¶31}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us

through the written record, *Miller v. Miller* (1988), 37 Ohio St. 3d 71. "It is the minds of the jurors and not the minds of the judges of an appellate court that are to be convinced." *State v. Petro* (1947), 148 Ohio St. 473, 501, 36 O .O. 152, 163, 76 N.E.2d 355, 369; *State v. Jamison,* supra 49 Ohio St.3d at 191, 552 N.E.2d at 189.

**{¶32}** The trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. McDaniel,* Franklin App. No. 06 AP-44, 2006-Ohio-5298 at ¶ 16. (Citing *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP-739 and *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548; *State v. James,* Stark App. No.2005-CA-0076, 2006-Ohio-271 at ¶ 33. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* supra; *State v. Serafini,* Stark App. No. 2005-CA-00135, 2006-Ohio-1187 at ¶ 68.

**{¶33}** After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The trier of fact did not create a manifest injustice by concluding that appellant was guilty of the crime of public indecency.

**{¶34}** Appellant's First and Second Assignments of Error are overruled.

III.

**{¶35}** In his Third Assignment of Error, appellant claims that his trial counsel was ineffective for stipulating to the appellant's prior felony convictions, making very few objections to inappropriate comments by the witnesses, and failing to call any witnesses on behalf of the appellant.

**{¶36}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶37}** In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

**{¶38}** To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will

render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

**{¶39}** "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶40}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶41}** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland*, 466 U. S., at 691 ("An error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To prevail on his ineffective assistance claim, appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

**{¶42}** Appellant's prior felony convictions were admissible because he testified at trial.   Evid.R.609. Appellant's prior public indecency convictions were admissible because they were an element of the crime with which appellant had been charged. R.C. 2907.09(C)(2).

**{¶43}** Appellant next argues that counsel should have objected to statements made by the eyewitness as she testified that he claims were inadmissible opinion evidence."'The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.' " *State v. Fears* (1999), 86 Ohio St.3d 329, 347, 715 N.E.2d 136, quoting *State v. Holloway* (1988), 38 Ohio St.3d 239, 244, 527 N.E.2d 831.

**{¶44}** Appellant has failed to demonstrate that there exists a reasonable probability that, had trial counsel objected to the witness's statements that ""That's not normal." and " [t]here's really no normal way that you can approach somebody to tell them something like that had just happened," the result of his case would have been different. [Appellant's Brief at 15].

**{¶45}** Appellant next argues when the teacher, Doug Brown, testified that [the witness] told him that the appellant was masturbating in class, appellant's counsel should have objected because this testimony was based upon hearsay.

**{¶46}** Upon consideration of the facts in the case sub judice, this court finds that limited instance cited by appellant was cumulative to the evidence presented by the eyewitness. In the present case the eyewitness did testify and was cross-examined.

**{¶47}** We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." See *Smith v. Flesher* ( 1967), 12 Ohio St. 2d 107, 233 N.E. 2d 137; *State v. Stanton*(1968), 15 Ohio St.2d 215, 217, 239 N.E.2d 92,94; *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097 at ¶16. See, also, App.R. 12(D).

**{¶48}** There is no showing in the record that the trial court relied upon the fact that the teacher testified that the witness told him that the appellant was masturbating in class in order to find appellant guilty. Thus, there was no prejudice to the appellant in failing to object to this testimony. As appellant fails to establish prejudice, his claim of ineffective assistance of counsel must fail.

**{¶49}** Finally, appellant argues that he received ineffective assistance of trial counsel because counsel did not call any witnesses other than the appellant.

**{¶50}** A decision regarding which defense to pursue at trial is a matter of trial strategy "within the exclusive province of defense counsel to make after consultation with his client." *State v. Murphy*, 91 Ohio St.3d 516, 524, 2001-Ohio-0112. This court can only find that counsel's performance regarding matters of trial strategy is deficient if

counsel's strategy was so "outside the realm of legitimate trial strategy so as 'to make ordinary counsel scoff." 'State *v. Woullard*, 158 Ohio App.3d 31, 813 N.E.2d 964, 2004-Ohio-3395, ¶ 39, quoting *State v. Yarber* (1995), 102 Ohio App.3d 185, 188, 656 N.E.2d 1322. Further, the Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, defendant is not denied effective assistance of counsel. *State v. Brown* (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189, citing *People v. Miller* (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley*, 10th Dist. No. 03AP-340, 2004-Ohio-1008 at ¶ 21.

**{¶51}** Decisions regarding what witnesses to call at trial fall within trial strategy and, absent prejudice, generally will not constitute ineffective assistance of counsel. *State v. Hessler,* Franklin App. No. 01AP-1011, 2002-Ohio-3321; *State v. Coulter* (1992), 75 Ohio App.3d 219, 598 N.E.2d 1324.

**{¶52}** The decision not to call the other students may well have been a tactical decision. Such evidence may have disclosed other students who had in fact seen the incidents as well as students who may not have observed it.

**{¶53}** The Ohio Supreme Court has stated "[w]e will ordinarily refrain from second-guessing strategic decisions counsel make at trial, even where counsel's trial strategy was questionable. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35, 402 N.E.2d 1189." *State v. Myers* (2002), 97 Ohio St.3d 335, 362, 780 N.E.2d 186, 217.

**{¶54}** Appellant has not demonstrated that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S., at 691, 104 S.Ct. 2052. Appellant has failed in his burden to demonstrate that trial counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims at trial.

**{¶55}** Additionally we note in examining the record to determine each of appellant's arguments concerning his trial counsel's performance we may give weight to the fact that the errors occurred in a trial to the court, rather than in a jury trial. *State v. White* (1968), 15 Ohio St.2d 146, 151, 239 N.E.2d 65; *State v. Austin* (1976), 52 Ohio App.2d 59, 70, 368 N.E.2d 59. Indeed, a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record. *State v. White*, supra, 15 Ohio St.2d at page 151, 239 N.E.2d 65; .*State v. Eubank*, 60 Ohio St.2d 183, 187, 398 N.E.2d 567, 569-570; *Columbus v. Guthmann* (1963), 175 Ohio St. 282, 194 N.E.2d 143, paragraph three of the syllabus.

**{¶56}** Appellant's Third Assignment of Error is overruled.

{¶57} For the foregoing reasons, the judgment of the Canton Municipal Court,

Stark County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

WSG:clw 0405                           HON. PATRICIA A. DELANEY

[Cite as *State v. Davis*, 2011-Ohio-1886.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FRED DAVIS, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010-CA-00298 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY