[Cite as *State v. Sampsel*, 2019-Ohio-4684.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA0046 |
| CALEB A. SAMPSEL | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Richland County Court of Common Pleas, Case No. 2018CR0857N

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 13, 2019

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
By: JOSEPH SNYDER
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

DAVID M. WATSON
3 North Main Street, Suite 702
Mansfield, OH 44902

*Gwin, P.J.*

{¶1}    Defendant-appellant Caleb A. Sampsel ["Sampsel"] appeals after a negotiated guilty plea in the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    By Indictment filed September 20, 2018, Sampsel was indicted for Aggravated Murder with a firearm specification in violation of R.C. 2903.01(B) and R.C. 2941.145, Murder with a firearm specification in violation of R.C. 2903.02(B) and R.C. 2941.145, Aggravated Burglary with a firearm specification in violation of R.C. 2911.11(A)(2) and R.C. 2941.145, 2 Counts of  Aggravated Robbery with a firearm specification in violation of R.C. 2911.01(A)(1) and R.C. 2941.145, and Gross Abuse of a Corpse in violation of 2927.01(B).

{¶3}    On April 19, 2019, Sampsel and the state reached a resolution and agreed sentence.  In exchange for his pleas of guilty, the state amended Count 1 to Involuntary Manslaughter with a three year firearm specification in violation of R.C. 2903.04(A) & (C) and R.C. 2941.145, agreed to dismiss Counts 2 and 5 and  the firearm specifications attached to Counts 3 and 4.  (T. at 2-3).  The parties agreed to a flat 25-year prison sentence.  (T. at 3).  Sampsel's attorney agreed to the amendments and to the sentence. Sampsel agreed to the amendments and to the agreed sentence.  (T. at 3).

{¶4}    Sampsel changed his plea as follows: Guilty to Count 1, Involuntary Manslaughter with firearm specification, in violation of R.C. 2903, 04(A), a felony of the first degree; Guilty to Count 3, Aggravated Burglary, in violation of R.C. 2911.1(A)(2), a felony of the first degree; Guilty to Count 4, Aggravated Robbery, in violation of R.C. 2911.01(A), a felony of the first degree.

{¶5} The court sentenced Sampsel pursuant to the agreement as follows: Count One, 11 years; Count 3, 5 years; Count 4, 5 years; Count 6, 1 year; as to the gun specification to Count 1, 3 years. The court ordered all time imposed to be served consecutive to one another and consecutive to the gun specification for an aggregate total of 25 years. (T. at 17).

*Assignment of Error*

{¶6} Sampsel raises one assignment of error,

{¶7} "I. APPELLANT'S GUILTY PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."

*Law and Analysis*

{¶8} Sampsel argues that his pleas were invalid because "the trial court did not inform him that it was not bound to either accept his plea or the agreed upon sentence. During sentencing, the trial court, without explanation or warning, reserved imposition of restitution." [Appellant's Brief at 4].

**STANDARD OF APPELLATE REVIEW**

{¶9} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶10} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

## ISSUE FOR APPEAL

*Whether the trial court was required to inform Sampsel before accepting his guilty pleas that it was not bound to either accept his plea or the agreed upon sentence.*

{¶11} We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some

error but must also show that that error was prejudicial to him." See *Smith v. Flesher*, 12 Ohio St. 2d 107, 233 N.E. 2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92, 94(1968); *Wachovia Mtg. Corp. v Aleshire*, 5th Dist. Licking App. No. 09 CA 4, 2009-Ohio-5097 at ¶16. See, also, App.R. 12(D).

{¶12} Sampsel fails to indicate how he has been prejudiced by the trial court's actions or that the result of the proceedings would have been different had the trial court informed him prior to accepting his guilty pleas that the court was not bound to either accept his plea or the agreed upon sentence. The trial court did accept his guilty pleas to the amended charges, and imposed the agreed upon sentence of 25 years.

{¶13} We find any error in the trial court failing to inform Sampsel prior to accepting his guilty pleas that the court was not bound to either accept his plea or the agreed upon sentence did not affect Sampsel's substantial rights and was therefore harmless beyond a reasonable doubt.

{¶14} The trial court stated at the end of the sentencing, "Right now, at this time, the Court will indicate there's no restitution ordered at this time based on the facts that have been presented." T. at 19. No reference is made to restitution in the sentencing entry. Since he has not been ordered to pay restitution, the issue is not ripe for review.

{¶15} Sampsel's sole assignment of error is overruled.

{¶16}  The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur