[Cite as *State v. Wycinski*, 2024-Ohio-5203.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : | |
| -vs- | : | |
|  | : | Case No. 24 CA 0002 |
| GEORGE WYCINSKI | : | |
|  | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Perry County Court of
Common Pleas, Case No. 23CR0005

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 29, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
Perry County Prosecuting Attorney
111 North High Street
New Lexington, OH 43761

For Defendant-Appellant

BENJAMIN E. FICKEL
172 N. Mulberry Street
Logan, OH 43138

*Gwin, P.J.*

{¶1} Defendant-appellant George E. Wycinski, Jr. ["Wycinski"] appeals his conviction and sentence after a jury trial in the Perry County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On May 13, 2022, the Athens County Sherriff's office received a report of a stolen camper. T. at 113; 136. The camper, a 2020 Forest River Cherokee, grey in color with black and blue stripes, was entered into LEADS as a stolen camper vehicle. Id. at 138; Defendant's Exhibit A. Upon inspecting the scene from where the camper had been taken, officers noticed that the electric line to the camper had been unhooked from the meter, but had not been hooked up to the truck for lights and brakes, and had instead been run over and ripped off the camper. Id. at 140. A few days after the report was filed, video was obtained from a nearby school that showed the camper being pulled by a dark-colored SUV around the time that it was reported stolen. Id. at 140.

{¶3} The owner of the camper provided no value for the camper or the items inside the camper when making his report. Id. The officers did not receive any documented value of the stolen camper. Id. at 138. However, Chief Deputy Eric Hoskinson of the Perry County Sherriff's office testified, without objection, that the owner told him, when he came to retrieve his camper, that he had paid thirty-five thousand dollars for the camper. T. at 103.

{¶4} In July, 2022, deputies from the Perry County Sheriff's office were informed by an officer from the Ohio Department of Natural Resources that there was possibly a stolen vehicle from Athens County located in Perry County. T. at 76; 148. Deputies were

told the stolen camper was on property belonging to Wycinski or his son, Ryan. Id. at 76; 171.

{¶5}   On July 20, 2022, after receiving permission to search the property from Ryan, officers located and photographed the stolen camper. Id. at 78; 150. The camper had been covered with tarps, old TV stands, and bed liners from trucks. Id. at 78; State's Exhibit 2; 3. The camper had damage to the door jamb. T. at 84; State's Exhibits 5 - 7. The camper had mismatched paint, as if someone attempted to change the color of the camper's stripes. T. at 86; State's Exhibits 8 - 12. Photographs of the interior of the camper when it was brand new were also admitted into evidence. T. at 89-91; State's Exhibits 15 - 19.

{¶6}   The condition of the camper at the time it was retrieved was described as "poorly maintained and just absolutely not taken care of. It was something I wouldn't stay in. It was horrible." T. at 89. Chief Deputy Eric Hoskinson testified that he would not have bought it for five hundred dollars. Id. at 125. The owner of the camper did not testify at trial.

{¶7}   Wycinski told the officers, and testified at trial, that the individual pulling the camper had broken down near his property. Id. at 98. Wycinski offered to allow the individual, named "Joe," a place on his property to leave the camper. Id. Wycinski and Joe parked the camper. Id. at 196. Two days later, Joe returned and offered to sell Wycinski the camper. Id. at 196-197. Wycinski looked over the camper and noticed the broken door locks and garbage inside. Id. Joe told Wycinski that the camper was damaged because people had been living in the camper that he had to run out. Id. at 199. A price of $5,000.00 was agreed upon by the parties. Id. Wycinski gave Joe $1,500.00

with the balance to be paid upon the owner delivering title of the camper to Wycinski. Id. at 197-198.

{¶8}    After Joe did not come back for several days, Wycinski became suspicious, and feared that he may return and take the camper. Id. at 200. Wycinski moved the camper further from the road. Id. at 201; 214. When asked, the officers indicated that when Wycinski spoke to them, he did admit to thinking that maybe the camper had been stolen. Id. at 156; 178.

{¶9}    On February 1, 2023, the Perry County Grand Jury returned an indictment charging Wycinski with one count of Receiving Stolen Property, valued at $7,500 but less than $150,000, a felony of the fourth degree in violation of R.C. 2913.15(A).

{¶10}  A jury trial took place on February 8, 2024. After a short deliberation, the jury returned a verdict of guilty on the one count of Receiving Stolen Property and found that the value of the property was over $7,500 but under $150,000, making it a felony of the fourth degree. On February 29, 2024, Wycinski was sentenced to 3 years of Community Control supervision.

*Assignments of Error*

{¶11}  Wycinski raises two Assignments of Error,

{¶12}  "I. APPELLANT'S CONVICTION FOR RECEIVING STOLEN PROPERTY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶13}  "II. THE TRIAL COURT ERRED BY ADMITTING EXHIBITS 15-19 WITHOUT PROPER AUTHENTICATION, IN VIOLATION OF THE CONFRONTATION CLAUSE OF THE UNITED STATES CONSTITUTION AND EVIDENCE RULE 901."

I.

{¶14} In his First Assignment of Error, Wycinski argues that his conviction for Receiving Stolen Property is against the sufficiency of the evidence. Wycinski does not dispute that he is guilty of receiving stolen property; rather, the only issue is the value of the stolen camper and whether or not the state presented sufficient proof that it was valued at $7,500 or more.

**Standard of Review**

{¶15} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99 (2013); *Hurst v. Florida*, 577 U.S. 92 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 2016-Ohio-8295, ¶30; *State v. Jordan,* 2023-Ohio-3800, ¶13. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."  *State v. Richardson*, 2016-Ohio-8448, ¶13.

{¶16} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, (1997)*; *Walker*, 150 Ohio St.3d at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of

the syllabus. *State v. Poutney*, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 2006-Ohio-5283, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430 (1997); *State v. Montgomery*, 2016-Ohio-5487, ¶74.

**Issue for Appellate Review**: *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that the value of the stolen camper exceeded $7,500 beyond a reasonable doubt*

**{¶17}** The trial judge instructed the jury that the value of the camper is its fair market value as of the date of the offense. 1T. at 245. R.C. 2913.61 defines "fair market value,"

> (D)(3) . . . As used in this section, "fair market value" is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all fact's material to the transaction, and that neither is under any compulsion to act.

**{¶18}** "To establish value in theft offenses, the state need not prove value to an exact amount. Rather, all that is required is that some evidence be admitted to establish

value." *State v. Pesec*, 2007-Ohio-3846 (11th Dist.). Ordinarily, testimony as to property value is not competent and admissible unless it is the professional opinion of an expert. *See Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621 (1992), paragraph one of the syllabus ("It is a general rule of evidence that before one may testify as to his opinion on the value of property, one must qualify as an expert"). But equally well recognized is the exception allowing an owner "to testify concerning the value of his property without being qualified as an expert, because he is presumed to be familiar with it from having purchased or dealt with it." Id., paragraph two of the syllabus. *Worthington City School Bd. Of Edn. V. Franklin County Bd. Of Revision,* 2014-Ohio-3620, ¶18; *State v. Sowers,* 2018-Ohio-2367, ¶18 (5th Dist.). The owner of the camper did not testify in this case. However, evidence of the camper's fair market value was received without objection during the trial.

**{¶19}** First, Wycinski himself told the police, and testified at trial, that he had agreed to pay $5,000.00 for the camper. 1T. at 176; 199. Further, Lieutenant Brandon Forester testified that he had owned two or three campers older than the camper in this case. 1T. at 177. He paid over $8,000.00 for the older camper he had purchased. Id. He further testified that he bought a brand-new camper in 2021 for over $20,000.00. Id. Lieutenant Forester further testified through his research on Facebook and Marketplace the value of the camper in this case would be between $10,000 to $18,000. 1T. at 179. Lieutenant Forester testified that he purchased a 2011 camper with a bad floor for $8,000.00. Id.

**{¶20}** Because Wycinski did not object to this testimony he has waived all but plain error.

*Plain Error*

**{¶21}** Crim.R. 52 affords appellate courts limited power to correct errors that occurred during the trial court proceeding. The Rule distinguishes between errors to which a defendant objected at trial [Crim.R. 52(a)] and errors that a defendant failed to raise at trial. [Crim.R. 52(b)]. The main distinction between plain-error review, which is the standard employed when a defendant failed to object at trial, and harmless-error review, which is employed when a defendant did object, is the party that bears the burden. *See State v. Jones*, 2020-Ohio-3051, ¶ 17-18. Under plain-error review, the defendant bears the burden to demonstrate the requirements for review whereas under harmless-error review, the state bears the burden to demonstrate that the error did not affect the defendant's substantial rights. Id. at ¶ 17-18. *See, State v. Bond*, 2022-Ohio-4150, ¶7. While Crim.R. 52(a) precludes error correction only if the error "does **not** affect substantial rights," (emphasis added), Crim.R. 52(b) authorizes no remedy unless the error **does** "affec[t] substantial rights." (Emphasis added.). *State v. Perry,* 2004-Ohio-118, ¶15 (2004), *quoting United States v. Olano*, 507 U.S. 725, 734-735 (1993).

**{¶22}** "To establish plain error under Crim.R. 52(b), [Wycinski] must show that an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis omitted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *quoting State v. Rogers*, 2015-Ohio-2459, ¶ 22. *Accord State v. Bailey*, 2022-Ohio-4407, ¶ 8. These elements are "conjunctive," meaning "all three must apply to justify an appellate court's intervention." *Bailey* at ¶ 9, *citing State v. Barnes,* 94 Ohio St.3d 21, 27(2002). Intervention by an appellate court for plain error "is warranted only under exceptional circumstances to

prevent injustice." Id. at ¶ 8, *citing State v. Long*, 53 Ohio St.2d 91(1978), paragraph three of the syllabus.

**{¶23}** In order to show that an error affected substantial rights, the defendant must demonstrate "a reasonable probability that the error resulted in prejudice - the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis deleted.)   *State v. Rogers*, 2015-Ohio-2459, ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, (2004) (construing Fed.R.Crim.P. 52(b), the federal analog to Crim.R. 52(B)). *Bond* at ¶ 22. The Court in *Rogers* reaffirmed that even if an accused shows the trial court committed plain error affecting the outcome of the proceeding, the appellate court is not required to correct it. Id. at ¶ 23. The Supreme Court stated:

> [W]e have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* at 27, 94 Ohio St.3d 21, 759 N.E.2d 1240, *quoting State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

*Rogers*, ¶ 23; *State v. Perry*, 101 Ohio St.3d 118, 120 (2004). See, *State v. Newlon,* 2024-Ohio-3433 (5th Dist.).

**{¶24}** The testimony concerning the fair market value of the camper was opinion evidence based on the witness's own perceptions. Lieutenant Forester testified as a lay witness and the jury was free to weigh his testimony. Wycinski's counsel never objected, or challenged Lieutenant Forester's ability to testify concerning the fair market value of the camper.

{¶25} We find any error in the admission of Lieutenant Forester's testimony had little impact on the jury because the jury had evidence that Wycinski was willing to pay $5,000.00 for the camper in its present condition, and further, the jury was able to view the photographs of the camper and decide amongst themselves whether the fair market value of the camper was more than the $5,000 Wycinski had said he agreed to pay for the camper, and at least $7,500, the amount necessary to make the crime a felony of the fourth degree.

{¶26} We decline to find a manifest injustice warranting the extraordinary step of finding plain error in the admission of Lieutenant Forester's testimony.

{¶27} Wycinski's First Assignment of Error is overruled.

II.

{¶28} In his Second Assignment of Error, Wycinski contends that the trial judge erred in allowing the state to introduce photographs showing the interior of the camper in a new condition because no one who testified had taken the pictures, was familiar with the camper when it was new, and the owner of the camper did not testify as to the authenticity of the photographs.

{¶29} We note that the state has not addressed this assignment of error in its brief; therefore, we find the state's lack of response to be a concession that it was error for the trial judge to admit State's Exhibit's Numbers 15-19.

{¶30} We must be mindful of the "… elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *Smith v. Flesher*, 12 Ohio St.2d 107, 111(1967); *Accord, Hampel v. Food Ingredients Specialties, Inc.,* 89 Ohio

St.3d 169, 185 (2000); *State v. Stanton*, 15 Ohio St.2d 215, 217(1968); *Wachovia Mtg. Corp. v Aleshire*, 2009-Ohio-5097, ¶16 (5th Dist.). *See, also*, App.R. 12(D).

{¶31} The witnesses testified that State's Exhibit's Numbers 15-19 did not represent the condition of the interior of the camper at the time it was stolen; rather, the pictures appeared to show the interior when the camper was brand new. 1T. at 89-92. The jury was not misled into believing the pictures were an accurate representation of the interior of the camper at the time it was stolen. Thus, there is little, if any chance, that the jury based its valuation of the camper on these photographs.

{¶32} We find any error in the admission of State's Exhibit's Numbers 15-19 to be harmless beyond a reasonable doubt.

{¶33} Wycinski's Second Assignment of Error is overruled.

{¶34} The judgment of the Perry County Court of Common Pleas is affirmed.

By: Gwin, P.J,

Wise, J., and

Baldwin, J., concur